# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BONITA CHAVIS, | ) | CASE NO.: 5:06CV2455 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| PROGRESSIVE STEP CORP., | ) | (Resolving Doc. #4) |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Motion by Defendant Progressive Step Corp. for Judgment on the Pleadings with respect to Counts V and VI of Plaintiff Bonita Chavis's Complaint. The Motion remains unopposed. For reasons stated below, the Court finds Defendant's Motion well-taken and hereby grants same.

In reviewing a motion for judgment on the pleadings "we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir.2005) (quoting *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 512 (6th Cir.2001)).

Plaintiff's Complaint, in Counts I and II,[1] raises claims of race discrimination in violation of the Ohio Civil Rights Act, as codified in Ohio Revised Code §§ 4112.02 and 4112.99. (Doc. #1, exhibit A, pp. 5-6) Counts V and VI allege public policy violations for discrimination in the workplace and unlawful race discrimination. (Doc. #1, exhibit

---

[1] Plaintiff previously dismissed counts III and IV against Defendant. (Doc. #1, exhibit A, p. 35)

A, pp. 9-10).  Ohio law indicates that claims such as these require Plaintiff to make a showing that:  (1) there is a "clear public policy [that] existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law"; (2) "dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy"; (3) "plaintiff's dismissal was motivated by conduct related to the public policy"; and (4) there was no "legitimate business justification for the dismissal."  *Wiles v. Medina Auto Parts,* 773 N.E.2d 526, 529-30 (Ohio 2002) (citations omitted); *Carrasco v. NOAMTC, Inc.,* 124 Fed.Appx. 297, 304 (6th Cir. Dec. 1, 2004).  According to the Ohio Supreme Court, a plaintiff alleging such a public policy violation must demonstrate that there is no other remedy available.  *Wiles,* 773 N.E.2d at 531 (stating, "Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests.").

As Plaintiff's Complaint sets forth that there is a remedy available to her under the Ohio Revised Code, she cannot have a public policy claim for the same actions under Ohio common law. Therefore, Defendant's Motion is GRANTED.  Counts V and VI in Plaintiff's Complaint are hereby DISMISSED.

So ordered.

_____*s/ Judge John R. Adams*_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT